206401
4-5-18
KH

LOCAL FORM 9001-1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Jerome Tillman Behrends
    Debtor.

Case No. 18-40205
Chapter 7

## UNSWORN CERTIFICATE OF SERVICE

I, Thomas H. Behrends, declare under penalty of perjury that on April 3rd, 2018, I mailed copies of the foregoing motion for relief from automatic stay, notice of hearing, original motion as an exhibit, and proposed order by first class mail postage prepaid to each entity named below at the address stated below for each entity:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MINNESOTA, 301 U.S. COURTHOUSE, 300 SOUTH FOURTH STREET, MINNEAPOLIS, MN 55415

GARY STROOTMAN, STROOTMAN LAW OFFICE, 5701 SHINGLE CREEK PARKWAY, SUITE 110, MINNEAPOLIS, MN 55430

ERIK AHLGREN, AHLGREN LAW OFFICE, 220 W WASHINGTON AVE, STE 105, FERGUS FALLS, MN 56537

Executed on: April 3rd, 2018

Signed: _____
Thomas H. Behrends
78739 320th Ave
Worthington, MN 56187

RECEIVED 18 APR -5 AM 9:39 U.S. BANKRUPTCY COURT MINNEAPOLIS, MN

LOCAL FORM 9013-2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  
   Jerome Tillman Behrends

      Debtor.

Case No. 18-40205  
Chapter 7

**NOTICE OF HEARING AND MOTION**

TO: Jerome T. Behrends, Gary W. Strootman, Erik Ahlgren

1. Thomas H. Behrends moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at 1:30 pm. on April 12th, 2018, in the Courtroom, at the United States Courthouse, at 301 U.S. Courthouse, 300 South Fourth Street, in Minneapolis, Minnesota.

3. Any response to this motion must be filed and served not later than Saturday, April 7th, which is five days before the time set for the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 USC " 157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 7 case was filed on March 18th, 2018. The case is now pending in this court.

5. This motion arises under 11 USC ' 362 and FRBP 7004. This motion is filed under FRBP 9014. Movant requests relief with respect to automatic stay on civil proceedings. Movant wants to continue with litigation in a non-bankruptcy forum.

Wherefore, Thomas H. Behrends moves the court for an order that grants relief from automatic stay and such other relief as may be just and equitable.

Dated: 4/2/2018

Signed: *[signature]*  
Thomas H. Behrends  
78739 320th Ave  
Worthington, MN 56187

Verification. I, Thomas H. Behrends, the moving party, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: 4/2/2018

Signed: *[signature]*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

RECEIVED

18 MAR 12 AM 8:28

Case # 18-40205

U.S. BANKRUPTCY COURT
MINNEAPOLIS, MN

Thomas H. Behrends,

    Creditor,

**CREDITOR'S MOTION TO REQUEST RELIEF**

vs.

**FROM THE AUTOMATIC STAY**

Jerome T. Behrends,

    Debtor,

TO: UNITED STATES BANKRUPTCY COURT, DISTRICT OF MINNESOTA, 301 U.S. COURTHOUSE, 300 SOUTH FOURTH STREET, MINNEAPOLIS, MN 55415

GARY STROOTMAN, STROOTMAN LAW OFFICE, 5701 SHINGLE CREEK PARKWAY, SUITE 110, MINNEAPOLIS, MN 55430

The Creditor moves for relief from the automatic stay imposed by 11 U.S.C. 362 (a) so the civil case between the Creditor and Debtor may proceed.

1. I, Thomas H. Behrends, no known aliases, filed a civil case under the Minnesota Child Victims Act in May of 2016. The case was filed in the State of Minnesota, County of Jackson, Fifth Judicial District and was given file # 32-CV-16-72.
2. The Debtor (Defendant), his lawyer Gary Strootman, and I (Plaintiff) had a scheduling conference in August of 2016. Discovery was ordered to be completed by December 31st, 2016. I sent a Request for Documents to Mr. Strootman in mid-December 2016, which to this day I have not received a response to. Mr. Strootman sent me a Request for Documents and Interrogatories on December 30th, 2016 via UPS Next Day Air, arriving at my home December 31st, 2016. The package arrived on the day Discovery was ordered to be completed, obviously hastily and sloppily put together, missing pages 11 – 13.
3. In January of 2017 I had a teleconference with Mr. Strootman concerning both of our tardiness concerning the Discovery process. We both agreed he would draft a letter to the judge to ask for a new Scheduling Order. The Scheduling Order commenced with the trial scheduled for December 14 -15. We agreed to try Alternative Dispute Resolution (ADR) to try and resolve the matter through mediation.

4. Mr. Strootman and I tried to pick an ADR neutral with little success, meanwhile the time frame for completing the ADR process ticked away. I wrote a letter to the court in April voicing my frustration with Mr. Strootman's apparent delay tactics to drag the case on and on. Mediation was supposed to be completed by May 1st, 2017 and we had not even picked an ADR neutral.
5. In late May, 2017 I filed a Harassment Restraining Order against the Defendant which was granted in June, 2017.
6. On July 10th we had a Case Management Conference by phone, which resulted in another Amended Scheduling Order. The new order ordered the ADR process to be completed by September 30th, 2017 and Discovery to be completed by November 1st, 2017. It also ordered a pre-trail conference on December 15th, 2017 with the trial scheduled for February 22nd and 23rd, 2018.
7. We had mediation scheduled in August with three mediators, the Defendant, Mr. Strootman and myself in St. Peter, MN which was centrally located between all the parties. The day before the scheduled meeting the ADR mediator called and said she did not have confirmation that the Defendant would be there. The day of the scheduled mediation the mediator called and said Mr. Strootman contacted her and said the Defendant could not get a ride to St. Peter for the mediation. I responded that we should try and reschedule something in Southwest Minnesota so travel would not be an issue. We completed ADR mediation in late September with no resolution.
8. I sent my response to the Defendant's Request for Documents and Interrogatories in October, along with two more Requests for Documents to Mr. Strootman. I received no documents or any other communication from Mr. Strootman until the day before the scheduled Pretrial Hearing. He called me and the court requesting another Amended Scheduling Order as he said he was sick and wouldn't be able to make it down to court the next day. I said no, unless the court decided to allow it. I felt this had been dragging on long enough. The judge ordered Mr. Strootman to call into court the next day. The judge ordered us to complete the Discovery process and maintain open communications to resolve any issues either of us had. She also scheduled a Motion/Pretrial Hearing at 1:00 PM on January 24th, 2018.
9. In early January I sent Mr. Strootman a couple of e-mails requesting the documents I had originally requested in December of 2016. I received no response so I filed a Request to Compel Disclosure and Discovery Responses. I also sent Mr. Strootman my proposed jury instructions, proposed verdict forms, list of witnesses and list of exhibits. There was no communication returned from Mr. Strootman between December 15th, 2017 and the morning of January 24th, 2018.
10. At 11:26 AM on January 24th, 2018 I received an email notifying me that the Defendant had filed for bankruptcy protection imposing an automatic stay on proceedings re Thomas Behrends v. Jerome Behrends, Court File No. 32-CV-16-72. I proceeded to the scheduled Pretrial/Motion Hearing and was informed that my civil case would have an automatic stay imposed upon it.

11. I am requesting relief from the automatic stay so I may continue my civil trial. Mr. Strootman and his client have delayed the judicial process continually since 2016. I finally said enough was enough in December of 2017 and did not give in to Mr. Strootman's request for another amended schedule. It is obvious that rather than prepare for trial Mr. Strootman and his client looked for other ways to delay the civil trial.

12. No mention or suggestion of bankruptcy was conveyed to anyone until less than two hours before the Pretrial/Motion Hearing. I feel the bankruptcy filing was done in bad faith to avoid litigation, judging by the pattern of Mr. Strootman and the Defendant since 2016 in the pending civil case. The bankruptcy filing was done at the last minute on the eve of the Pretrial/Motion Hearing. The bankruptcy filing was hastily and sloppily prepared, listing Thomas Behrend as a Creditor, when Thomas Behrends is my actual name. And it is questionable what other debts of the Debtor will be discharged by the bankruptcy filing.

13. Another option would be for the bankruptcy court to dismiss the bankruptcy case for bad faith as it seems obvious the bankruptcy was filed solely to evade or defeat litigation.

Dated: 3/9/18

Respectfully Submitted:

By: _____

Thomas H. Behrends

78739 320th Ave

Worthington, MN 56187

(507) 842-5240

Creditor

LOCAL FORM 4001-2 (b) (post-discharge)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Jerome Tillman Behrends

    Debtor.

Case No. 18-40205
Chapter 7

## ORDER GRANTING RELIEF FROM STAY

This case is before the court on the motion of Thomas H. Behrends for relief from the automatic stay imposed by 11 U.S.C. ' 362(a).

Based on the record, the court finds that grounds exist under 11 U.S.C. ' 362(d) to warrant relief.

IT IS ORDERED:

1. The motion for relief from stay is granted as follows.

2. The automatic stay imposed by 11 U.S.C. ' 362(a) is terminated.

3. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:

_____
United States Bankruptcy Judge

LOCAL FORM 4001-2 (b) (post-discharge)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Jerome Tillman Behrends

Case No. 18-40205
Chapter 7

Debtor.

## ORDER GRANTING RELIEF FROM STAY

This case is before the court on the motion of Thomas H. Behrends for relief from the automatic stay imposed by 11 U.S.C. ' 362(a).

Based on the record, the court finds that grounds exist under 11 U.S.C. ' 362(d) to warrant relief.

IT IS ORDERED:

1. The motion for relief from stay is granted as follows.

2. The automatic stay imposed by 11 U.S.C. ' 362(a) is terminated.

3. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:

_____
United States Bankruptcy Judge